☙JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CHANDA J. COOPER
PENNSAUKEN, NJ 08109

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS
PRESSLER & PRESSLER

County of Residence of First Listed Defendant NJ **RECEIVED**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**FEB 03 2012**
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**VIOLATIONS OF FAIR CREDIT REPORTING ACT AND FAIR DEBT COLLECTIONS PRACTICES ACT**
Brief description of cause:
**PULL REPOTS WITHOUT PERMISSABLE PURPOSE**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: Dec 20, 2011
SIGNATURE OF ~~ATTORNEY OF RECORD~~ CHANDA J. COOPER

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Chanda Cooper
    Plaintiff.

Case No.

-v-

PRESSLER & PRESSLER, LLP,
MICHEAL J. PETERS, DALE L. GELBER
CRAIG S. STILLER, STEVEN A. LANG,
DANIEL B. SULLIVAN, GINA M. LO BUE,
GLEN H. CHULSKY, RITA E. AYOUB,
MITCHELL E. ZIPKIN, DARREN H. TANAKA,
CAPITAL ONE BANK (USA), NA
CAMDEN COUNTY SPECIAL COURT
    Defendants.



RECEIVED
FEB 0 3 2012
AT 8:30_____
WILLIAM T. WALSH
CLERK

## COMPLAINT

    Plaintiff, Chanda Cooper, hereby sues Defendants, PRESSLER & PRESSLER, LLP, and its agents. CAPITAL ONE BANK (USA), NA and CAMDEN COUNTY SPECIAL COURT and alleges:

### PRELIMINARY STATEMENT

    1. This is an action for damages brought for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; and for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*

### JURISDICTION AND VENUE

    2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p.

    3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b.

    4. This is an action for damages which do not exceed $50,000.00.

5. Plaintiff, Chanda Cooper, is a natural person and is a resident of the State of NEW JERSEY

1

6. Defendant, PRESSLER & PRESSLER, LLP, and its agents, is a NEW JERSEY Corporation, authorized to do business in NEW JERSEY.

 (a) Defendant CAPITAL ONE BANK (USA), NA is a UTAH Corporation, authorized to do business in NEW JERSEY.

 (b) Defendant, CAMDEN COUNTY SPECIAL COURT is a NEW JERSEY corporation, authorized to do business in NEW JERSEY.

7. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

8. On September, 2010, CAMDEN COUNTY SPECIAL COURT, PRESSLER & PRESSLER, LLP and its agents initiated a hard pull of Plaintiff's credit report from Equifax without permissible purpose, thereby reducing her credit score.

9. On November, 2009, CAPITAL ONE BANK (USA), NA, PRESSLER & PRESSLER, LLP initiated a soft pull of Plaintiff's credit report from Trans Union, Equifax and Experian without permissible purpose.

10. Plaintiff contends that the illegal actions of Defendants CAPITAL ONE BANK (USA), NA, PRESSLER & PRESSLER, LLP and its agents, CAMDEN COUNTY SPECIAL COURT have harmed the Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## WILLFUL NON-COMPLIANCE BY DEFENDANTS

11. Paragraphs 1 through 9 are realleged as though fully set forth herein.

12. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

13. PRESSLER & PRESSLER, LLP and its agents is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

14. PRESSLER & PRESSLER, LLP and its agents willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) PRESSLER & PRESSLER, LLP and its agents willfully violated 15 U.S.C. §1681b (f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against DEFENDANTS for $1,000 actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT II
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## NEGLIGENT NON-COMPLIANCE BY DEFENDANTS

15. Paragraphs 1 through 9 are realleged as though fully set forth herein.

16. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

17. PRESSLER & PRESSLER, LLP and its agents are furnishers of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

18. PRESSLER & PRESSLER, LLP and its agents negligently violated the FCRA. Defendant's violations include, but are not limited to, the following:
(a) PRESSLER & PRESSLER, LLP and its agents negligently violated 15 U.S.C. §1681b (f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against DEFENDANTS for $1,000 actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

### 15 U.S.C 1681b. Permissible purposes of consumer reports...

(a) **In general**

Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

TITLE 15 > CHAPTER 41 > SUBCHAPTER VI > § 1693a

Definitions

As used in this subchapter—

(2) the term **"account"** means a **demand deposit, savings deposit, or other asset account (other than** an occasional or incidental credit balance in an open end credit plan as defined in section **1602 (i)** of this title,), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement; **This seems to describe credit cards and home equity loans....don't you agree?**

TITLE 15 > CHAPTER 41 > SUBCHAPTER I > Part A > § 1602

Prev | Next § 1602. Definitions and rules of construction

15 U.S.C 1602(i) The terms "open end credit plan" and "open end consumer credit plan" mean a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance. A credit plan or open end consumer credit plan which is an open end credit plan or open end consumer credit plan within the meaning of the preceding sentence is an open end credit plan or open end consumer credit plan even if credit information is verified from time to time.

## COUNT III
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANTS

19. Paragraphs 1 through 20 are realleged as though fully set forth herein.

20. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a (3).

21. Defendants are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

22. Defendants violated the FDCPA. Defendant's violations include, but are not limited to, the following:
    (a) Defendant violated 15 U.S.C. §1692e (2) by falsely representing the character, amount, or legal status of any debt.
    (b) Defendant violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
    (c) Defendant violated 15 U.S.C. §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
    (d) Defendant violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.
    (e) Defendant violated 15 U.S.C. §1692f (1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
    (f) Defendant violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff demands judgment for damages against Defendant DEFENDANTS for $50,000 actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n (a) (3) and 15 U.S.C. §1681o (a) 15 U.S.C. §1692k.

## RECKLESS AND WANTON CONDUCT

23. Plaintiff incorporates herein by reference paragraphs one (1) through thirty-four (34).

24. Defendants' acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

25. As a proximate consequence of Defendants' negligence, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT THREE

## ALL DEFENDANTS

## INVASION OF PRIVACY

26. Plaintiff incorporates by reference herein paragraphs one (1) through thirty-seven (37).

27. Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiffs private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made. Defendants' actions were done so maliciously, without privilege, and with a willful intent to injure Plaintiff. As a proximate consequence of Defendants' invasion of Plaintiff privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorneys fees, and any other and further relief deemed appropriate by this Court.

## COUNT FOUR

## ALL DEFENDANTS

## DEFAMATION

28. Plaintiff incorporates by reference herein paragraphs one (1) through forty-one (41).

29. Defendants published, or caused to be published, false information about Plaintiff by reporting to one or more of the CRAs, or other third parties, either a false account or balance.

30. Likewise, Defendants published, or caused to be published, false information about Plaintiff each time Plaintiffs credit reports were accessed - which was the result intended by Defendants.

31. The publications and defamations were done so maliciously, without privilege, and with a willful intent to injure Plaintiff.

32. As a proximate consequence of Defendants' false reporting or publishing, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorneys fees, and any other and further relief deemed appropriate by this Court

## COUNT FIVE

## ALL DEFENDANTS

## INTENTIONAL MISREPRESENTATION

33. Plaintiff incorporates by reference herein paragraphs one (1) through forty-six (46).

34. Defendants intentionally and maliciously misrepresented material facts in that they falsely represented to others that Plaintiff owes money on a fraudulent account.

35. Defendants intend that those who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material fact related to the balance owed in determining Plaintiffs credit worthiness.

36. Defendants intended that the justifiable and reasonable reliance by others would adversely affect Plaintiff.

37. As a proximate consequence of Defendants' intentional misrepresentation, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT SIX

## ALL DEFENDANTS

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff incorporates by reference herein paragraphs one (1) through fifty-one (51).

39. Defendants' conduct, as described herein, was reckless and / or intentional, and performed with disregard for the rights of Plaintiff.

40. As a proximate consequence of Defendants' extreme and outrageous conduct, Plaintiff has been caused to suffer severe emotional, mental and physical distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

WHEREFORE, Plaintiff demands judgment for damages against Defendants for $25,000 actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n (a) (3) and 15 U.S.C. §1681o (a) 15 U.S.C. §1692k.

## TRIAL BY JURY DEMANDED

Plaintiff hereby demands a trial by jury of all issues as triable as a matter of law.

Dated: Dec. 20, 2011

Respectfully submitted,

*CHANDA COOPER*
Chanda Cooper
4455 Homestead Ave.
Pennsauken, NJ 08109
CHANDACOOPER_LAW@LIVE.COM


Exhibit "A"

# 15 U.S.C 1681b. Permissible purposes of consumer reports...

(a) **In general**
Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

TITLE 15 > CHAPTER 41 > SUBCHAPTER VI > § 1693a

Definitions

As used in this subchapter—

(2) the term **"account"** means a **demand deposit, savings deposit, or other asset account (other than** an occasional or incidental credit balance in an open end credit plan as defined in section **1602 (i)** of this title,), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement; **This seems to describe credit cards and home equity loans....don't you agree?**

TITLE 15 > CHAPTER 41 > SUBCHAPTER I > Part A > § 1602
Prev | Next § 1602. Definitions and rules of construction

15 U.S.C 1602(i) The terms "open end credit plan" and "open end consumer credit plan" mean a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance. A credit plan or open end consumer credit plan which is an open end credit plan or open end consumer credit plan within the meaning of the preceding sentence is an open end credit plan or open end consumer credit plan even if credit information is verified from time to time.

Exhibit "A-1"

| MAURICE H. PRESSLER (1930-2002) | **PRESSLER AND PRESSLER, LLP** | DALE L. GELBER | DARYL J. KIPNIS |
| SHELDON H. PRESSLER | COUNSELLORS AT LAW | CRAIG S. STILLER* | DARREN H. TANAKA |
| | 7 Entin Rd. | STEVEN A. LANG | MITCHELL E. ZIPKIN |
| GERARD J. FELT | Parsippany, NJ 07054-5020 | DANIEL B. SULLIVAN | MICHAEL J. PETERS |
| STEVEN P. McCABE | Off: (973) 753-5100 | GINA M. LO BUE | RITA E. AYOUB |
| LAWRENCE J. McDERMOTT, JR. | Fax: (973) 753-5353 | GLEN H. CHULSKY | |
| | NY Office: | | * NY STATE LICENSE ONLY |
| MITCHELL L. WILLIAMSON | 305 Broadway, 9th Floor | | |
| CHRISTOPHER P. ODOGBILI | New York, NY 10007 | | OFFICE HOURS |
| THOMAS M. BROGAN | Office: (516)222-7929 | | Monday-Thursday 8am-9pm |
| JOANNE L. D'AURIZIO | Fax: (973)753-5353 | | Friday 8am-7pm |
| RALPH GULKO | E-MAIL: Pressler@Pressler-Pressler.com | | Saturday 9am-3pm |
| | Please Reply To: | | |
| | [ ] New Jersey Office [ ] New York Office | | |

SEPTEMBER 07, 2011

CHANDA C COOPER
4455 HOMESTEAD AVE
PENNSAUKEN, NJ 081091658

Re: CAPITAL ONE BANK (USA), N.A. vs CHANDA C COOPER
    Superior Court of New Jersey: Law Division
    Special Civil Part: CAMDEN- Docket No. DC-004157-10
    P&P File Number C207558

Dear Ms. Cooper:

As previously advised, this office represents Capital One Bank (USA), N.A. in regards to your delinquent MasterCard credit account 5178-0573-0288-1979. Our client's records indicated that this account was opened in your name on August 6, 2008, was paid until September 9, 2008, and was charged off April 21, 2009. Enclosed is a copy of the charge off statement for this account with the due date of April 21, 2009. As you will see, this billing statement was sent to 4455 Homestead Ave, Pennsauken, NJ 08109, the same mailing address from which you sent your letter. The current balance of this matter is $814.60.

Please be advised that this office does not report to any credit bureaus.

If you have any further questions or wish to discuss a mutually agreeable payment arrangement, you may reach this office at the number above. Until further notice, we will be proceeding accordingly.

Very truly yours,

PRESSLER & PRESSLER, LLP

MICHAEL J. PETERS
MJP/RQ
Encl.

This communication is from a debt collector.

Exhibit "A-2"



**experian** A world of insight

Prepared for: CHANDA J COOPER
Date: September 09, 2011
Report number: 0843-2925-54

Page 8 of 10

# Record of requests for your credit history

We make your credit history available to your current and prospective creditors and employers as allowed by law. Experian may list these inquiries for up to two years.

## Inquiries shared with others

The section below lists all of the companies that have requested your credit information as a result of an action you took, such as applying for credit or financing or as a result of a collection. The inquiries in this section are shared with companies that receive your credit history.

Examples of inquiries shared with others include:
- a real estate loan
- a home mortgage loan
- an auto loan
- an application for credit

| | |
|---|---|
| **PRESSLER & PRESSLER** | Date Sep 21, 2009 |
| 7 ENTIN RD | Reason Collection purpose. This inquiry is |
| PARSIPPANY NJ 07054 | scheduled to continue on record until Oct |
| No phone number available | 2011. |
| Address identification number: 0014919802 | |

## Inquiries shared only with you

You may not have initiated the following inquiries, so you may not recognize each source. We report these requests to you only as a record of activities, and **we do not include any of these requests on credit reports to others.**

We offer credit information about you to those with a permissible purpose, such as:
- other creditors who want to offer you preapproved credit;
- an employer who wishes to extend an offer of employment;
- a potential investor in assessing the risk of a current obligation;
- Experian Consumer Assistance to process a report for you;
- your current creditors to monitor your accounts (date listed may reflect only the most recent request).

**These inquiries DO NOT affect your credit score.**

CREDIT COMM SERVICES/INTERSECTION 3901 STONECROFT BLVD
CHANTILLY VA 20151
No phone number available
Date of inquiry: Apr 08, 2011; Apr 06, 2011

CREDIT COMM SERVICES/INTERSECTION
No phone number available
Date of inquiry: Apr 06, 2011

CHASE BANK USA,NA   PO BOX 24696   COLUMBUS OH 43224
(800) 848 9136
Date of inquiry: Jan 19, 2010

PRESSLER AND PRESSLER 7 ENTIN RD    PARSIPPANY NJ 07054
No phone number available
Date of inquiry: Nov 04, 2009

EXPERIAN   PO BOX 9600    ALLEN TX 75013
No phone number available
Date of inquiry: Sep 17, 2009

CHASE BANK USA,NA  PO BOX 24696    COLUMBUS OH 43224
(800) 848 9136
Date of inquiry: Nov 03, 2008; May 30, 2007

EXPERIAN
No phone number available
Date of inquiry: May 30, 2007

EXPERIAN  PO BOX 2002    ALLEN TX 75013
No phone number available
Date of inquiry: May 30, 2007

The following information is reported to us by you, your creditors and/or other sources. Each source may report your personal information differently, which may result in variations of your name, address, Social Security number, etc. As part of our fraud protection efforts, a notice with additional information may appear.

CHANDA J COOPER
   Name identification number: 8201
CHANDA COOPER
   Name identification number: 9455
CHANDA C COOPER
   Name identification number: 17441
CHANDA JENEEN COOPER
   Name identification number: 1



0271703306

# CERIFICATE OF SERVICE

I hereby certify that a copy of the forgoing complaint

Chanda Cooper
V.
PRESSLER & PRESSLER, LLP, MICHEAL J. PETERS, DALE L. GELBER
CRAIG S. STILLER, STEVEN A. LANG, DANIEL B. SULLIVAN, GINA M. LO BUE,
GLEN H. CHULSKY, RITA E. AYOUB, MITCHELL E. ZIPKIN, DARREN H. TANAKA,
CAMDEN COUNTY SPECIAL COURT
7 ENTIN RD PARRSIPPANY NJ 07054
US certified mail #7011 1150  0002 4407 7963

CAPITAL ONE BANK (USA), NA
1680 CAPITAL ONE DRIVE
MCLEAN, VA 22102
US certified mail #700902250000127638565

CAMDEN COUNTY SPECIAL COURT
101 S. 5TH ST STE 670
CAMDEN NJ 08103
US certified mail #7011 1150 0002 4407 7963

Was mailed by US certified mail On DEC. 23th  2011

_CHANDA J. COOPER_

Chanda J. Cooper , Plaintiff
4455 HOMESTEAD AVE
PENNSAUKEN, NJ 08109
CHANDACOOPER_LAW@LIVE.COM

Chanda Cooper
4425 Homestead Ave
Pennsauken, NJ 08109-1658

US District Court Clerk
401 Market St
Camden, NJ 08102