UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHANDA COOPER,                          :      Civil No. 12-0679 (NLH/KMW)
                                        :
            Plaintiff,                  :
                                        :
      v.                                :      **OPINION**
                                        :
                                        :
PRESSLER & PRESSLER, LLP, et            :
al.,                                    :
                                        :
            Defendants.                 :

**APPEARANCES:**

Chanda Cooper
4455 Homestead Avenue
Pennsauken, New Jersey 08109
      *Pro Se Plaintiff*

Clement J. Farley, Esquire
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
      *Attorney for Defendant Capital One Bank (USA), N.A.*

**HILLMAN, District Judge**

      This matter comes before the Court by way of Defendant
Capital One Bank (USA), N.A.'s motion [Doc. No. 5] to dismiss
Plaintiff's complaint pursuant to Federal Rules of Civil
Procedure 12(b)(1), for lack of subject matter jurisdiction, and
12(b)(6), for failure to state a claim.  The Court has considered
the parties' submissions and decides this matter pursuant to
Federal Rule of Civil Procedure 78.

For the reasons expressed below, Defendant's motion to dismiss is granted.

## I.   <u>JURISDICTION</u>

In this case, Plaintiff asserts claims pursuant to the Fair Credit Reporting Act (hereinafter, "FCRA"), 15 U.S.C. § 1681 <u>et seq.</u>, and the Fair Debt Collection Practices Act (hereinafter, "FDCPA"), 15 U.S.C. § 1692 <u>et seq.</u>, along with several New Jersey state law claims.  The Court exercises jurisdiction over Plaintiff's federal law claims under FCRA and FDCPA pursuant to 28 U.S.C. § 1331.  <u>See also</u> 15 U.S.C. §§ 1681p, 1692k(d) (allowing FCRA and FDCPA claims to "be brought in any appropriate United States district court without regard to the amount in controversy, ...").  The Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## II.   <u>BACKGROUND</u>

Plaintiff submitted the complaint in this action on February 3, 2012, and the complaint was filed on February 8, 2012 after the Court granted Plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  Although Plaintiff named thirteen separate Defendants in the caption of the complaint,[1]

---

1.   The following Defendants are named in the caption of Plaintiff's complaint: (1) Pressler & Pressler, LLP; (2) Michael J. Peters; (3) Dale L. Gelber; (4) Craig S. Stiller; (5) Steven A. Lang; (6) Daniel B. Sullivan; (7) Gina M. Lo Bue; (8) Glen H. Chulsky; (9) Rita E. Ayoub; (10) Mitchell E. Zipkin; (11) Darren

the body of Plaintiff's complaint only purports to bring suit against Defendants Pressler & Pressler, LLP, Capital One Bank (USA), N.A. (hereinafter, "Capital One"), and Camden County Special Court.  As indicated by a September 7, 2011 letter[2] sent to Plaintiff by Defendant Pressler & Pressler, LLP, it appears that in early August of 2008 Defendant Capital One issued a MasterCard credit card to Plaintiff and that Plaintiff made payments on this credit card through approximately September 9, 2008.  (Ex. A-1 to Pl.'s Compl. [Doc. No. 1] 1.)  However, Plaintiff's credit card account with Defendant Capital One was apparently "charged off"[3] on April 21, 2009.  (Id.)

_____

H. Tanaka; (12) Capital One Bank (USA), NA; and (13) Camden County Special Court.

2.  Because Plaintiff attached the September 7, 2011 letter as Exhibit A-1 to her complaint, the Court may consider it without converting Defendant's motion to dismiss into a motion for summary judgment.  Buck v. Hampton Tp. School Dist., 452 F.3d 256, 260 (3d Cir. 2006) (recognizing that "[i]n evaluating a motion to dismiss, [the court] may consider documents that are attached to or submitted with the complaint" without converting the motion to dismiss into one for summary judgment).

3.  Although Plaintiff does not provide an explanation of what it means to have a credit card "charged off," we take this to mean that Capital One ceased its own efforts to bring the account current, closed the account, and referred it for collection.  See Chulsky v. Hudson Law Offices, P.C., 777 F. Supp. 2d 823, 835 (D.N.J. 2011)("once a consumer falls more than 180 days behind paying on a credit card debt, banks 'charge off' [i.e., write off] the account[]").  "Credit card[] issuers seek to recover [] delinquent debt through a combination of methods, including by using their own in-house collection personnel, third-party collection agencies, debt-collecting attorneys, or by selling the defaulted debt to a debt buyer."  Id.  It appears from the September 7, 2011 letter that in this case, Capital One engaged

3

Plaintiff's complaint sets forth three distinct factual allegations.  With respect to Defendants Camden County Special Court and Pressler & Pressler, LLP, Plaintiff alleges that in September of 2010 these Defendants and their agents "initiated a hard pull of Plaintiff's credit report from Equifax without [a] permissible purpose, thereby reducing [Plaintiff's] credit score."  (Pl.'s Compl. [Doc. No. 1] ¶ 8.)  Plaintiff further contends that in November of 2009 Defendants Capital One and Pressler & Pressler, LLP "initiated a soft pull of Plaintiff's credit report from Trans Union, Equifax and Experian without [a] permissible purpose."  (Id. ¶ 9.)  Plaintiff alleges that "the illegal actions of Defendants [Capital One], Pressler & Pressler, LLP and its agents, [and] Camden County Special Court ... harmed the Plaintiff resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs."[4]  (Id. ¶ 10.)

Based on these factual allegations, Plaintiff's complaint asserts eight counts including counts for both willful and

---

Pressler and Pressler, LLP to act as debt-collecting attorneys with respect to recovering the delinquent debt on Plaintiff's MasterCard credit card account.  (See generally Ex. A-1 to Pl.'s Compl. [Doc. No. 1] 1.)

4.  Although not entirely clear from Plaintiff's complaint, it appears that the "illegal actions" Plaintiff references are the purported "hard" and "soft" pulls of Plaintiff's credit report by these Defendants.  Those terms are not further defined.

negligent non-compliance with FCRA and violations of FDCPA, as well as state law causes of action for reckless and wanton conduct, invasion of privacy – false light, defamation, intentional misrepresentation, and intentional infliction of emotional distress.  (See id. ¶¶ 11-40.)  Summonses were issued with respect to all Defendants on February 8, 2012.  (See Summonses [Doc. No. 3]; see also Summonses Returned Unexecuted [Doc. No. 6].)  On February 24, 2012, Defendant Capital One filed an application with the Clerk of Court seeking an extension of time to answer or otherwise respond to Plaintiff's complaint.  After obtaining the extension, Capital One filed the present motion to dismiss Plaintiff's complaint.

## III. <u>DISCUSSION</u>

At this time, Defendant Capital One moves for the dismissal of Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  At the outset, Capital One argues that Plaintiff's complaint fails to state a claim under either FCRA or FDCPA, and therefore, these causes of action must be dismissed.  Upon the dismissal of Plaintiff's federal law claims, Capital One argues, the Court lacks subject matter jurisdiction over the remaining state law causes of action because she cannot establish diversity of citizenship jurisdiction in this case.  Thus, according to Capital One, the remainder of Plaintiff's complaint must be dismissed as well.

The Court first considers whether Plaintiff has stated a claim under the FDCPA and the FCRA pursuant to Rule 12(b)(6) before turning to the issue of exercising supplemental jurisdiction over Plaintiff's state law claims.  While Plaintiff did not file opposition to Defendant's motion, "the Court must address unopposed motions to dismiss a complaint on the merits." Estate of Casella v. Hartford Life Ins. Co., No. 09-2306, 2009 WL 2488054, at *2 (D.N.J. Aug. 11, 2009) (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)).  Thus, in considering Defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly

6

expounded the pleading standard for 'all civil actions[.]'")
(citation omitted).  First, under the Twombly/Iqbal standard, a
district court "must accept all of the complaint's well-pleaded
facts as true, but may disregard any legal conclusions."  Fowler
v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing
Iqbal, 129 S. Ct. at 1949).

Second, a district court "must then determine whether the
facts alleged in the complaint are sufficient to show that the
plaintiff has a 'plausible claim for relief.'"  Fowler, 578 F.3d
at 211 (citing Iqbal, 129 S. Ct. at 1950).  "[A] complaint must
do more than allege the plaintiff's entitlement to relief."
Fowler, 578 F.3d at 211; see also Phillips v. County of
Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's
Twombly formulation of the pleading standard can be summed up
thus: 'stating ... a claim requires a complaint with enough
factual matter (taken as true) to suggest' the required element.
This 'does not impose a probability requirement at the pleading
stage,' but instead 'simply calls for enough facts to raise a
reasonable expectation that discovery will reveal evidence of'
the necessary element.") (citing Twombly, 550 U.S. at 556).  "The
defendant bears the burden of showing that no claim has been
presented."  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).
Moreover, in ruling on the present motion, the Court "must
construe [Plaintiff's] complaint liberally because [she] is

proceeding pro se." Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

## IV. **ANALYSIS**

As set forth supra, Capital One primarily argues that Plaintiff has failed to state a claim under either FCRA or FDCPA and that the claims asserted in Counts One, Two and Three of the complaint must be dismissed with prejudice. Capital One further argues that once these federal claims are dismissed the Court lacks subject matter jurisdiction over Plaintiff's remaining state law claims because she cannot establish complete diversity of citizenship between the parties and cannot satisfy the amount in controversy requirement set forth in 28 U.S.C. § 1332. Finally, Capital One argues that even assuming that the Court has jurisdiction over Plaintiff's state law claims, these causes of action must also be dismissed because Plaintiff fails to state a claim upon which relief can be granted. The Court addresses these arguments in turn beginning the with FDCPA and FCRA.

### A. **Fair Debt Collection Practices Act**

Count Three of Plaintiff's complaint asserts a claim under FDCPA, which was enacted "to eliminate abusive debt collection practices which contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Wilson v. Quadramed Corp., 225

F.3d 350, 354 (3d Cir. 2000) (citations and internal quotations omitted).  As Congress has explained, "the purpose of the Act was not only to eliminate abusive debt collection practices, but also to 'insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'"  Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 996 (3d Cir. 2011) (citing 15 U.S.C. § 1692(e)). In light of the inadequacy of the existing consumer protection laws at the time, Congress elected to give consumers a private right of action against debt collectors who fail to comply with the FDCPA's requirements.  Lesher, 650 F.3d at 996-97.

Count Three alleges that "Defendants are debt collectors within the meaning of the FDCPA" and that Defendants,[5] including Capital One, violated Sections 1692e(2), 1692e(8), 1692e(10), 1692e(11), 1692f(1), and 1692g of the Act by, inter alia, falsely representing the character, amount or legal status of a debt and by using false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.  (Pl.'s Compl. ¶¶ 21, 22(a)-22(f).)  Capital One argues that Plaintiff's claim under the FDCPA fails as a matter of law, as asserted against Capital One, because this Defendant "does not

---

5.  While Plaintiff does not name Capital One specifically in Count Three, it appears that she is asserting this FDCPA Count against all Defendants.  Here, we resolve the sufficiency of Plaintiff's FDCPA claim as asserted against Capital One, not against any other named Defendant.

satisfy the definition of a 'debt collector' under" the Act.
(Mem. of Law of Def. Capital One in Supp. of Mot. to Dismiss
Pl.'s Compl. [Doc. No. 5-3] (hereinafter, "Capital One's Mem."),
3.)  Capital One contends that Plaintiff fails to set forth any
factual allegations or legal support to demonstrate that Capital
One may be considered a debt collector in this case.  (Id. at 4.)
Capital One also argues that because it has not attempted to
collect any debts that are not its own and has not used a name
other than its own in the process of collecting its debts,
Capital One does not satisfy the statutory definition of a "debt
collector" under the Act.  (Id.)

　　　　Pursuant to FDCPA, a creditor is defined as "any person who
offers or extends credit creating a debt or to whom a debt is
owed[.]"  15 U.S.C. § 1692a(4).  The Third Circuit distinguishes
between "creditors" and "debt collectors" under FDCPA, explaining
that "'[t]he FDCPA's provisions generally apply only to debt
collectors.' ... 'Creditors-as opposed to debt
collectors-generally are not subject to the FDCPA.'"
Schaffhauser v. Citibank (S.D.) N.A., 340 F. App'x 128, 130 n.4
(2009) (citing Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379,
403 (3d Cir. 2000)).  "'Creditors who collect in their own name
and whose principal business is not debt collection ... are not
subject to the Act. ... Because creditors are generally presumed
to restrain their abusive collection practices out of a desire to

protect their corporate goodwill, their debt collection activities are not subject to the Act unless they collect under a name other than their own.'" Pollice, 225 F.3d at 403 (citing Aubert v. Am. Gen. Fin., Inc., 137 F.3d 976, 978 (7th Cir. 1998)).

The FDCPA broadly defines the term debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Act permits creditors, through their officers or employees, to collect its own debts, in its own name, without subjecting itself to the provisions of FDCPA. See 15 U.S.C. § 1692a(6)(A) (expressly excluding from the definition of a debt collector "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor"). However, in certain circumstances a creditor may qualify as a debt collector. For example, the term debt collector specifically "includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6).

In this case, Plaintiff alleges that Capital One violated

Sections 1692e(2), 1692e(8), 1692e(10), 1692e(11), 1692f(1), and 1692g of FDCPA.  However, each subsection of the Act that Plaintiff claims Capital One violated, by its own express terms, applies only to debt collectors, not creditors.  See, e.g., 15 U.S.C. § 1692e (indicating that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and listing examples of violative conduct); 15 U.S.C. § 1692f (setting forth that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" and listing examples of prohibited conduct); 15 U.S.C. § 1692g (requiring debt collectors to validate the debt to a consumer, stop collections efforts where a debt is disputed, and provide the name and address of the original creditor at the consumer's request).  Therefore, the issue with respect to Count Three is whether Capital One is a creditor or a debt collector in the circumstances of this case.

After a thorough review of Plaintiff's complaint and the attached exhibits, and construing Plaintiff's allegations liberally, the Court concludes that Capital One was a creditor with respect to Plaintiff's alleged debt and that the complaint fails to state a claim against Capital One under FDCPA.  The law is clear that FDCPA only applies to "debt collectors" as that term is defined by the Act.  Here, even accepting the allegations in the complaint as true and viewing them in the light most

favorable to Plaintiff, Plaintiff's complaint does not allege facts sufficient to demonstrate that Capital One meets the definition of a debt collector under the Act.[6]  For example, Plaintiff fails to allege that the principal purpose of Capital One's business activities is the collection of debts, or that Capital One regularly collects or attempts to collect debts owed or due to another person or business.  See 15 U.S.C. § 1692a(6). Plaintiff also fails to make any allegations that Capital One acted as a debt collector by using a name other than its own in collecting or attempting to collect its debt from Plaintiff.  Id.

Moreover, directly contradicting Plaintiff's contention that Capital One is subject to FDCPA as a debt collector is the September 7, 2011 letter attached as Exhibit A-1 to the complaint.  The September 7, 2011 letter conclusively demonstrates that in this circumstance, Capital One is in fact the original creditor on Plaintiff's MasterCard credit card account opened in August of 2008.  The letter further establishes that Defendant Pressler and Pressler, LLP — not Capital One — was acting as the debt collector attempting to collect the debt owed

---

6.  Plaintiff's assertion that "Defendants are debt collectors within the meaning of the FDCPA" is a legal conclusion which the Court may disregard at this stage of the proceedings because Plaintiff fails to allege any facts supporting Capital One's classification as a debt collector under the Act.  See Fowler, 578 F.3d 210-11.

13

to Capital One for this charged off credit card account.[7]  The
first line of the letter explicitly states that Pressler and
Pressler, LLP's "office represents Capital One ... in regards to
[Plaintiff's] delinquent MasterCard credit account[.]"  (Ex. A-1
to Pl.'s Compl. [Doc. No. 1] 1.)  Additionally, the statement
"This communication is from a debt collector." appears just below
the signature line of the letter in the same size type-face as
the body of the letter.  (Id.)  The letter further advised
Plaintiff of the $814.60 balance existing on the charged off
account and that Plaintiff could contact Pressler and Pressler,
LLP to "discuss a mutually agreeable payment arrangement[.]"  Id.

The September 7, 2011 letter makes clear that in these
specific circumstances, Capital One cannot be considered a "debt
collector" pursuant to the Act, and thus FDCPA is not applicable.
The Court's determination that Capital One acted as a creditor
here, as opposed to a debt collector, rendering FDCPA
inapplicable to Capital One, is consistent with the findings of
other courts in this District recognizing Capital One as a
creditor, not a debt collector, in similar circumstances.  See,
e.g., Soltman v. Capital One (N.A.), No. 11-1867, 2012 WL

---

7.  The Court's recognition that Pressler and Pressler, LLP acted
as a debt collector with respect to the debt Plaintiff allegedly
owed to Capital One should not be construed as a finding by the
Court that Pressler and Pressler, LLP's attempts failed to comply
with the requirements of FDCPA, an issue not now before the
Court.

4506204, at *3 (D.N.J. Sept. 25, 2012) (denying default judgment on plaintiffs' FDCPA claim "[b]ecause the debts in question were at all relevant times owed directly to defendant[] Capital One" making "Capital One ... a creditor, not a debt collector under the FDCPA [such that] Capital One [was] not subject to the provisions of the FDCPA."); Pagan v. United Recovery Sys., L.P., No. 11-5994, 2012 WL 42940, at *2 (D.N.J. Jan. 6, 2012) (concluding that "Plaintiff's FDCPA claim against Capital One fails because Capital One is not a 'debt collector' under the FDCPA. ... Because Capital One is not a debt collector, it cannot be held liable under Section 1692c(a)(2).").

Accordingly, Count Three of Plaintiff's complaint asserted under FDCPA is dismissed against Defendant Capital One.  This dismissal is with prejudice as permitting amendment would be futile given Capital One's status as a creditor not subject to the requirements of FDCPA under these facts.

**B.   Fair Credit Reporting Act**

Counts One and Two of Plaintiff's complaint assert claims for willful and negligent failure to comply with FCRA. "'Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'... In doing so, Congress sought to preserve the consumer's privacy in the information maintained by consumer reporting agencies." Gelman v. State Farm Mut. Auto.

15

Ins. Co., 583 F.3d 187, 191 (3d Cir. 2009) (citing Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007); Cole v. U.S. Capital, Inc., 389 F.3d 719, 725 (7th Cir. 2004)).  Under the Act, "consumer reporting agencies" ("CRAs") are entities which "regularly engage[] ... in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties[.]"  15 U.S.C. § 1681a(f).  As explained by another court in this District, "the function of such entities is more accurately described by the common term, 'credit rating agencies.'"[8]  Burrell v. DFS Services, LLC, 753 F. Supp. 2d 438, 441 n.2 (D.N.J. 2010).

Plaintiff alleges in Counts One and Two of the complaint that Defendant Pressler and Pressler, LLP wilfully and negligently violated FCRA by obtaining Plaintiff's "consumer report" without a permissible purpose.  (Pl.'s Compl. ¶¶ 14, 18.) Under the FCRA a "consumer report" is:

> any written, oral, or other communication of any
> information by a consumer reporting agency
> bearing on a consumer's credit worthiness, credit
> standing, credit capacity, character, general
> reputation, personal characteristics, or mode of
> living which is used or expected to be used or

---

8.  Accordingly, the terms "credit rating agency" and "consumer reporting agency" refer to companies such as Equifax, Experian, and TransUnion, the three major United States companies which track consumer credit ratings.  Burrell, 753 F. Supp. 2d at 441 n.2.

collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--

    (A)   credit or insurance to be used primarily for personal, family, or household purposes;

    (B)   employment purposes; or

    (C)   any other purpose authorized under section 1681b of this title.

Section 1681b of the Act outlines the only permissible purposes for which a consumer report (also known as a credit report) may be obtained by another person or entity.  See generally 15 U.S.C. § 1681b(a) (outlining a variety of permissible purposes for obtaining a consumer report including, but not limited to: in response to a court order, in accordance with the written instructions of the consumer himself, or where the report is obtained to use the information in connection with a credit transaction involving the consumer or for employment purposes).  "The FCRA imposes civil liability upon a person who willfully obtains a consumer report for a purpose that is not authorized by the FCRA."  Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011) (citing 15 U.S.C. §§ 1681b(f), 1681n(a)).  Pursuant to Sections 1681b(f) and 1681o(a), liability may also be imposed for any person who negligently obtains a consumer report for a purpose that is not permitted under the Act.

Capital One argues in the motion to dismiss that Counts One and Two fail to state a claim for either the willful or negligent violation of the FCRA by Capital One and that these Counts should

be dismissed with prejudice.  (Capital One's Mem. 5.)  Initially, the Court notes that Capital One is referenced by name in just two of the approximately forty paragraphs in the complaint, and that only one of these two paragraphs — paragraph nine — makes any substantive allegations[9] regarding Capital One's involvement in this case.  Paragraph nine states in its entirety: "On November, [sic] 2009, CAPITAL ONE BANK (USA), NA, PRESSLER & PRESSLER, LLP initiated a soft pull of Plaintiff's credit report from Trans Union, Equifax, and Experian without [a] permissible purpose."  (Pl.'s Compl. ¶ 9.)

However, nowhere in Counts One and Two of the complaint does Plaintiff make any specific allegations against Capital One.  (Id. ¶¶ 12-14, 16-18.)  Counts One and Two only specifically name Defendant Pressler and Pressler, LLP and its agents, and allege their willful and negligent violations of FCRA.  (Id. ¶¶ 12-14, 16-18.)  Although the headings and wherefore clauses of Counts One and Two refer generically to violations "by Defendants" and demand "judgment for damages against Defendants", the Court agrees with Capital One that Plaintiff has failed to allege that Capital One, as opposed to any other Defendants, engaged in any actions which violated FCRA.  To the extent Plaintiff's Counts under FCRA incorporate Plaintiff's allegation in paragraph nine

_____

9.  Paragraph 6(a) of the complaint alleges only that Capital One is a Utah Corporation which is authorized to do business in New Jersey.  (Pl.'s Compl. ¶ 6(a).)

18

that Capital One initiated a "soft pull" of Plaintiff's credit report without a permissible purpose, this factual allegation standing alone, even when accepted as true, is insufficient to state a claim against Capital One for willfully and negligently obtaining Plaintiff's consumer report without a permissible purpose. Plaintiff has not adequately alleged any facts regarding what a "soft pull"[10] is or why initiating a "soft pull" constitutes an impermissible purpose under FCRA.

Moreover, even accepting as true the allegation that Capital One initiated a "soft pull" of Plaintiff's credit report, it is clear that Capital One had a permissible purpose for obtaining Plaintiff's credit report under FCRA. Specifically, FCRA "expressly permits distribution of a consumer report to an entity that 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account of, the consumer*." Huertas, 641 F.3d at 34 (citing 15 U.S.C. § 1681b(a)(3)(A)) (emphasis in original, footnote omitted).

Here, it is clear from the complaint and its attached

_____

10. Neither party to this suit has explained what a "soft pull" of a consumer's credit report constitutes. The Court's independent research suggests that in the credit industry "a 'soft pull,' [is], a request for updated address information only." Norman v. RJM Acquisitions, LLC, No. 3:11-CV-1330-D, 2012 WL 3204977, at *1 (N.D. Tx. Aug. 8, 2012).

exhibits that sometime in 2008 Plaintiff sought credit from
Capital One which she obtained when Capital One issued her a
MasterCard credit card on August 6, 2008.  (See, e.g., Ex. A-1 to
Pl.'s Compl. [Doc. No. 1] 1.)  Plaintiff accumulated debt on this
credit card account and later became delinquent in paying the
debt.  (Id.)  Capital One, as the creditor on Plaintiff's
MasterCard credit account, was entitled to attempt to collect the
$814.60 balance due on this account.  See Chulsky v. Hudson Law
Offices, P.C., 777 F. Supp. 2d 823, 835 (D.N.J. 2011) (noting
that "[c]redit card[] issuers seek to recover [] delinquent debt
through a combination of methods, including by using their own
in-house collection personnel, third-party collection agencies,
debt-collecting attorneys, or by selling the defaulted debt to a
debt buyer.")

The issuance of this MasterCard credit card account to
Plaintiff by Capital One was the consumer transaction which
ultimately resulted in Capital One allegedly initiating a "soft
pull" of Plaintiff's consumer report, and pursuant to Section
1681b(a)(3)(A), Capital One could rightfully obtain a copy of
Plaintiff's consumer report from a CRA in order to review, or
collect upon, Plaintiff's MasterCard credit card account.  See 15
U.S.C. § 1681b(a)(3)(A); see also Huertas, 641 F.3d at 34
(recognizing that accessing a consumer's credit report to collect
on a delinquent account is an authorized use of consumer

20

information under FCRA).  Even accepting Plaintiff's allegations as true, Capital One had a permissible purpose for obtaining Plaintiff's consumer credit report, and therefore cannot be held liable for either willfully or negligently violating FCRA.[11]

Accordingly, Counts One and Two of Plaintiff's complaint must be dismissed as asserted against Capital One.  This dismissal is with prejudice as amendment of Plaintiff's complaint would be futile because Capital One had a permissible purpose to obtain a copy of Plaintiff's consumer credit report.

### C.  Supplemental Jurisdiction

Finally, in the present motion, Capital One also seeks to dismiss Plaintiff's state law causes of action for reckless and wanton conduct, invasion of privacy – false light, defamation, intentional misrepresentation, and intentional infliction of emotional distress.  Capital One argues that because Plaintiff is unable to state a claim under FDCPA or FCRA, Plaintiff is unable to establish federal question jurisdiction pursuant to 28 U.S.C. § 1331 and is "therefore ... obligated to establish diversity jurisdiction" pursuant to 28 U.S.C. § 1332.  (Capital One's Mem. 7.)  Capital One further asserts that because Plaintiff cannot demonstrate the existence of diversity of citizenship

---

11.  The Court's holding regarding violations of FCRA is specific to the purported actions of Capital One only.  The Court makes no findings as to whether Defendant Pressler and Pressler, LLP's alleged actions violated FCRA.

jurisdiction in this case, her remaining claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Capital One's argument apparently disregards the possible exercise of supplemental jurisdiction by the Court.  In a case such as this, where Plaintiff alleged federal law claims within this Court's original jurisdiction pursuant to Section 1331, the Court may exercise supplemental jurisdiction over Plaintiff's state law causes of action pursuant to 28 U.S.C. § 1367.  Section 1367 provides in pertinent part that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

However, under Section 1367(c)(3), "[a] district court may decline to exercise supplemental jurisdiction over a claim if 'the district court has dismissed all claims over which it has original jurisdiction[.]'"  Oras v. City of Jersey City, 328 F. App'x 772, 775 (3d Cir. 2009) (citing 28 U.S.C. § 1367(c)(3)).  Moreover, as recognized by the Third Circuit, "[w]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide

22

the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." <u>Oras</u>, 328 F. App'x at 775 (citing <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000)) (internal quotations omitted) (emphasis in original).

In this specific case, the Court declines to exercise supplemental jurisdiction over any state law causes of action asserted against Capital One to the extent they are asserted in Plaintiff's complaint.  Here, Plaintiff's federal law claims under FDCPA and FCRA against Capital One have been dismissed with prejudice for failure to state a claim.  As a result, at this time there are no causes of action asserted against Capital One over which this Court has original jurisdiction.[12]  Additionally, this case is still in the early stages of litigation as demonstrated by the fact that no Defendants other than Capital One have been served with the complaint, no answers or other motions have been filed, no scheduling or settlement conferences have been conducted by the Court, and the parties have not engaged in any discovery.  Furthermore, Plaintiff did not file opposition to the present motion to dismiss, and it appears to

---

12.  The Court cannot exercise original jurisdiction over this matter under diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff specifically concedes in the complaint that "[t]his is an action for damages which do not exceed $50,000.00[,]" such that Plaintiff's allegations cannot satisfy the $75,000 amount in controversy requirement set forth in Section 1332.

the Court that Plaintiff has not attempted to prosecute this case since the time the complaint was filed and summonses were issued in February of 2012.  Accordingly, the Court finds that considerations of judicial economy, convenience, and fairness do not affirmatively justify the exercise of supplemental jurisdiction in these circumstances.  Having declined to exercise supplemental jurisdiction, the Court dismisses any pending state law claims against Capital One without prejudice.

**V.   CONCLUSION**

For the foregoing reasons, Defendant Capital One's motion to dismiss [Doc. No. 5] is granted.  Plaintiff's claims against Capital One under FDCPA and FCRA are dismissed with prejudice. Plaintiff's state law causes of action against Capital One are dismissed without prejudice.  Capital One is terminated as a Defendant in this matter.  An Order consistent with this Opinion will be entered.

Date:    December 17, 2012             /s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.